UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-20142-CIV-MOORE/SIMONTON

CARLOS VILLARAN,
On behalf of themselves
and all others similarly situated

Plaintiffs,

vs.

NEXUS SERVICES OF VIRGINIA, INC.,
a/k/a NEXUS SERVICES INC.,
a Foreign Profit Corporation

Defendant.
_____/

# FIRST AMENDED COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, CARLOS VILLARAN, on behalf of themselves and all others similarly situated ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, NEXUS SERVICES OF VIRGINIA, INC., also known as, NEXUS SERVICES INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.  This is an action by the Plaintiffs for damages for breach of agreement and for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the 29 U.S.C. § 216.

3.  This Court has supplemental jurisdiction over the breach of agreement claim because it arises from the same case or controversy as Plaintiffs' FLSA claims pursuant to the 29 U.S.C. § 216.

1

4. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

5. Defendant is a Foreign Profit Corporation having a place of business in Miami Dade County, Florida, where Plaintiffs worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff and all other similarly situated are non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of Plaintiff's original complaint.

10. Specifically, Plaintiff and other similarly situated individuals performed work for Defendants as non-exempt "Case Managers".

11. Plaintiff began working for Defendant on or about February, 2017 as case manager. His primary duties were to assist new and existing clients in ensuring they are in compliance and serve as Libre by Nexus field ambassadors.

12. Defendant intentionally misclassified Plaintiffs as exempt from overtime laws, in violation of the FLSA.

13. The members of the putative collective action are Plaintiffs and Defendant's employees who were misclassified as "exempt" Case Managers, when in actuality Plaintiff's job duties were non-exempt in nature, with Plaintiff and those similarly situated employees exercising neither independent discretion nor administrative/managerial judgment to perform work for Defendant's clients.

14. Plaintiff intends to seek conditional certification of a collective action only for similarly situated Case Managers for the relevant time period pertaining to this action, a minimum of three years prior to the original filing of Plaintiff's complaint.

15. Plaintiff and others similarly situated did not regularly and independently supervise two or more employees each workweek, and Plaintiff and others similarly situated did not regularly earn commissions exceeding 50% of their weekly compensation, and did not otherwise act in a managerial, executive, or administrative capacity for Defendant. Plaintiff's job title of as an "exempt" Case Manager is a misnomer.

16. Defendant, NEXUS SERVICES OF VIRGINIA, INC. is a foreign corporation operating in Florida with headquarters located in Virginia, which serves its customers throughout the State of Florida and nationwide. It is presently unknown how many Case Manager employees exist within the NEXUS SERVICES OF VIRGINIA, INC. organization. However, from publicly available documents, it appears that NEXUS SERVICES OF

VIRGINIA, INC. primarily functions as a detainee service provider on a nationwide basis. Discovery may reveal that there are other employees who performed similar work with different job titles for other clients of NEXUS SERVICES OF VIRGINIA, INC. at locations nationwide. However, at this time, Plaintiff only seeks conditional collective action certification for similarly situated employees of Defendant who performed work similar to the Plaintiff's job duties described herein in Paragraph 11 at NEXUS SERVICES OF VIRGINIA, INC. branch locations, nationwide and held the job title of "Case Manager"

17. Defendant, NEXUS SERVICES OF VIRGINIA, INC. in conjunction with its respective divisions, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated persons in the asserted classes at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

18. During the course of employment with NEXUS SERVICES OF VIRGINIA, INC. Plaintiff and other members of the asserted classes regularly worked over forty (40) hours in each workweek, but were not compensated at time and one half the respective regular rates of pay for all hours worked over forty (40) in each such workweek due in part to NEXUS SERVICES OF VIRGINIA, INC.'s practice misclassifying members of the asserted classes as exempt and failing to properly pay overtime.

19. The material time for the claims under the FLSA in this case is the three-year period prior to the date of filing this complaint, and the period of additional time, if any, that such claims were tolled or extended by agreement of Defendant, by equity, or by operation of law.

20. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees in the asserted classes, and the compensation actually paid, or not paid, to such employees should be in the possession, custody and control of NEXUS SERVICES OF VIRGINIA, INC.

21. Plaintiff and all other similarly situated, were not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

22. Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

23. Plaintiff was not paid at the proper rate for all hours worked per week, as proscribed by the laws of the United States and the State of Florida.

24. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

25. Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

26. During the relevant time period Plaintiff performed overtime each week for which Defendants failed to pay Plaintiffs at one and a half times his regular rate of pay. The employer's decision to not pay overtime was intentional, and therefore, the Plaintiffs are eligible to recover unpaid wages for three years prior to the filing of the complaint.

27. Due to Plaintiff's delayed discovery of their rights under the Fair Labor Standards Act, and Defendant's failure to place Plaintiff and others similarly situated on notice of their right to overtime compensation, the statute of limitations should be equitably tolled to begin on the date Plaintiff first became aware of his rights.

28. Throughout Plaintiff's period of employment as Case Managers, Plaintiffs worked between fifty (50) to seventy (70) hours per week.

29. At all times material hereto, Plaintiffs and Defendant were engaged in agreement whereby Plaintiffs would be employed by Defendants and Plaintiffs would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

30. At all times material hereto, Plaintiffs and Defendant were engaged in agreement whereby Defendant would pay the Plaintiffs commissions and/or productivity pay on the cases he/she handled. Plaintiffs would earn twenty dollars ($20.00 USD) for every program payment.

31. Defendant, through a social media website called "group-me," would announce instances where employees could achieve double and triple commission and/or productivity payments.

32. Throughout Plaintiffs' employment, Plaintiffs were to earned commissions and/or productivity pay on a weekly basis.

33. Defendant did not pay Plaintiff several weeks of Plaintiff's earned commissions and/or productivity pay

34. Throughout Plaintiff's employment, they were not compensated at all, not even the minimum applicable hourly wage rate as set forth under state and federal law, for the work performed.

35. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiffs in excess of forty (40) in a given work week.

36. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

37. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendant's failure to properly pay wages.

38. On or about November 7, 2017 Plaintiff was terminated in retaliation for engaging in activity described above.

## COUNT I
### *Breach of Agreement*

39. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 38 of this complaint as if set out in full herein.

40. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida. A copy of said agreement is attached to as Exhibit "A."

41. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Wage & Hour Federal Statutory Violation*

42. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 38 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff to recover from Defendant unpaid overtime and unpaid/minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

44. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

45. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

46. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

47. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

48. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

49. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

50. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

51. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

    B.    Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.    Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*FLSA Retaliation Violation*

52.    Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 38 of this complaint as if set out in full herein.

53.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

55.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

56. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: February 1, 2018 Respectfully submitted,

*/s/ Michelle Muskus, Esq.*
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No. 118315
nl@rgpattorneys.com
**Michelle Muskus, Esq.**
Florida Bar No.: 1003077
mm@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          Respectfully submitted,

                                          */s/ Michelle Muskus*
                                          Michelle Muskus, Esq.

## **SERVICE LIST**
CASE NO.: 18-20142-CIV-MOORE/SIMONTON


**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No. 118315
nl@rgpattorneys.com
**Michelle Muskus, Esq.**
Florida Bar No.: 1003077
mm@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Counsel for Plaintiff*

**Robert L. Norton**
Florida Bar No. 128846
rnorton@anblaw.com
**Suhaill M. Morales**
Florida Bar No. 084448
smorales@anblaw.com
**Allen, Norton & Blue, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578

*Counsel for Defendants*

Served via transmission of Notices of
Electronic Filing generated by CM/ECF